JS-6

1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Michael Marchand (SBN 281080)
   mmarchand@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Hollywood, California 90038
   Telephone: (323) 464-7400
5  Facsimile:  (323) 464-7410

6  *Attorneys for Plaintiffs*
   *Coach, Inc. and Coach Services, Inc.*
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 COACH, INC., a Maryland Corporation;  )      NO. CV 12-07579(MMM)(MRWx)
12 COACH SERVICES, INC., a Maryland      )
   Corporation,                          )
13                                        )  **[PROPOSED] ORDER RE CONSENT**
                      Plaintiffs,        )  **JUDGMENT INCLUDING A**
14                                        )  **PERMANENT INJUNCTION AND**
               v.                        )  **VOLUNTARY DISMISSAL OF ACTION**
15                                        )  **WITH PREJUDICE**
   CUA ASSAF ACCESSORIES, an             )
16 unknown business entity, and DOES 1-  )
   10, inclusive                         )
17                                        )
                                          )
18                   Defendants          )
                                          )
19 _____ )

20       WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Plaintiffs" or

21 "Coach") and Defendant Cua Assaf Accessories have entered into a Settlement

22 Agreement and Mutual Release as to the claims in the above reference matter.

23 Defendants, having agreed to consent to the terms below terms, it is hereby

24 **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

25       1.    This Court has jurisdiction over the parties to this Final Judgment and has

26 jurisdiction over the subject matter hereof pursuant to 28 U.S.C. § 1331, 1338.

27

28

1    2.    Coach is the worldwide owner of the trademark "COACH" and various

2  composite trademarks and assorted design components (collectively "Coach Marks").

3  Coach Marks include but are not limited to the following marks:

4

| Mark | U.S. Registration No(s). | Registration Date |
|------|--------------------------|-------------------|
| "COACH" | 751, 493 | 06/25/1963 |
|  | 1,071,000 | 08/09/1977 |
|  | 2,088,706 | 08/19/1997 |
|  | 3,157,972 | 10/17/2006 |
| *Coach est.1941* | 3,413,536 | 04/15/2008 |
| (COACH circle logo) | 3,251,315 | 06/12/2007 |
| (COACH LEATHERWARE EST. 1941 logo) | 3,441,671 | 06/03/2008 |
| COACH (box logo) | 2,252,847 | 06/15/1999 |
|  | 2,534,429 | 01/29/2002 |
| COACH (box logo) | 1,309,779 | 12/18/1984 |
|  | 2,045,676 | 03/18/1997 |
|  | 2,169,808 | 06/30/1998 |
| Signature "C" Logo | 2,592,963 | 07/09/2002 |
|  | 2,626,565 | 09/24/2002 |
|  | 2,822,318 | 03/16/2004 |
|  | 2,832,589 | 04/13/2004 |
|  | 2,822,629 | 03/16/2004 |
|  | 3,695,290 | 10/13/2009 |

|  Coach "Op Art" Mark | 3,696,470 | 10/13/2009 |
|---|---|---|
|  | 3,012,585 | 11/08/2005 |

3.     Plaintiffs have alleged that Defendant's purchase and sale of products which infringe upon the Coach Marks constitutes trademark counterfeiting, trademark infringement, copyright infringement, trade dress infringement, false designations of origin and false descriptions, federal trademark dilution, trademark dilution under California law, and unfair competition under California law.  Without admitting to liability, Defendant has agreed to all terms set forth herein.

4.     Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Coach Marks, either directly or contributorily, in any manner, including but not limited to:

(a)     Manufacturing, importing, purchasing, distributing, advertising, offering for sale, and/or selling any products which bear designs identical, substantially similar, and/or confusingly similar to the Coach Marks;

(b)     Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise;

(c)     Passing off, inducing or enabling others to sell or pass off any products or other items that are not Plaintiffs' genuine merchandise as genuine Coach merchandise;

[PROPOSED] ORDER RE CONSENT JUDGMENT

1           (d)    Committing any other acts calculated to cause purchasers to believe

2    that Defendant's products are Coach's genuine merchandise unless they are such;

3           (e)    Shipping, delivering, holding for sale, distributing, returning,

4    transferring or otherwise moving, storing or disposing of in any manner items falsely

5    bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation

6    thereof; and

7           (f)    Assisting, aiding or attempting to assist or aid any other person or

8    entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to

9    4(g) above.

10       5.    Plaintiffs and Defendant shall bear their own costs associated with this

11   action.

12       6.    The execution of this Final Judgment shall serve to bind and obligate the

13   parties hereto.

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

7.     The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

IT IS SO ORDERED

DATED:  May 1, 2013

_____
Honorable Margaret M. Morrow
**United States District Judge**

[Proposed] Order re Consent Judgment